SILBERMAN, Senior Circuit Judge,
concurring:
I think Judge Rogers has ably analyzed the case before us, and I concur in the court’s opinion. I write separately because I would go a step further and conclude the statute does not even cover locality pay. As such, the only possible challenge appellees could make under the APA to the Treasury’s determination that locality pay should be averaged for these Secret Service retirees is that the Treasury was arbitrary and capricious. They did not do so, and I do not see how such a challenge could have been successful.
I agree with the majority that it is certainly not open to us to hold that locality pay is not available to Secret Service Agents who chose to receive annuities under the DCRA. The Treasury Depart *1207 ment acquiesced in the district court’s ruling in Lanier v. District of Columbia, 871 F.Supp. 20 (D.D.C.1994), to the effect that those retirees were entitled to locality pay increases under the equalization clause-as it was entitled to do. Accordingly, the government sought to accommodate that ruling by adopting the weighted average methodology. It did not even suggest in this case that the locality pay statute does not apply to appellees.
Still, we are not obliged, for purposes of this case, to accept the Lanier district court construction of the locality pay statute. It seems rather obvious to me, as the majority suggests, that the very fact that no one can even propose a persuasive methodology, including the district judge below, by which locality pay would apply to appellees demonstrates that Congress never intended locality pay to cover them. That is why the statute is silent on the issue.